IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN W. KENNEDY,

        Plaintiff,

v.                                        No. CV-10-00950 JCH/RHS

HOME DEPOT, INC., a foreign
corporation,

        Defendant.

**SETTLEMENT CONFERENCE REPORT AND RECOMMENDATION**

      The undersigned presided over a Settlement Conference in the above-captioned cause on August 8, 2011. After approximately two hours of mediation, the parties reached an agreement which would fully settle the case and allow it to be dismissed with prejudice. The trial court was duly notified that a complete settlement had been reached and that closing documents would be presented by counsel within thirty (30) days. Counsel have been able to draft all settlement and closing documents, however they cannot agree on the single issue of whether or not the form of Release should provide for $2,000 in liquidated damages if the Plaintiff violates the agreed Confidentiality Order by disparaging or damaging the reputation of the Defendant.

      On September 30, 2011, I presided over an informal conference with counsel in an effort to resolve this issue. Regretfully, no solution was reached and this Report is intended to advise the trial court as to the reasons the closing documents have not been submitted.

      I have told counsel that I will report the following:

    1. On August 8, 2011 a full and complete agreement was reached to settle this case and allow it to be dismissed with prejudice.

    2. At no time during the Settlement Conference on August 8, 2011 did either party advise the undersigned that liquidated damages were addressed or included in the settlement reached. In fact, both counsel agree that neither one of them advised the undersigned that they were negotiating liquidated damages and that reference thereto would be included in the Release. Liquidated damages simply were not discussed and were not the basis for the settlement.

    3. Plaintiff agrees that liquidated damages were never discussed.

    4. Defendant asserts that while liquidated damages were never discussed, it was the subject of another settlement in some past and unrelated case and that therefore counsel for Plaintiff should have been aware that Defendant would be wanting it included in the Release for this case. Settlement language in some other litigation has no bearing on the instant case, especially when Defendant did nothing to alert the court that it expected the liquidated damage language to be included in the release.

    IT IS THEREFORE RESPECTFULLY RECOMMENDED that the trial court issue its Order to Show Cause directing Defendant to appear and show cause, if any it has, as to why it refuses to execute the closing documents settling the above-captioned cause and allowing the same to be dismissed with prejudice.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE